<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOSE LEODAN CUELLAR BASURTO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-08344 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Jose Leodan Cuellar Basurto's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention violates his constitutional rights. (ECF No. 1.) Respondents filed an answer (ECF No. 8), and Petitioner replied (ECF No. 11). Also before the Court is Petitioner's Motion to Enforce.[1] (ECF No. 7.) Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below, Petitioner's Petition is **DENIED**.

---

[1] On July 8, 2026, the Court issued a Text Order granting Petitioner's Petition and ordering his release. (ECF No. 5.) Alternatively, the Court's Text Order provided Respondents with three days to file an expedited answer if they believed this matter was factually distinguishable from other cases decided by the Court. (*Id.*) Only July 11, 2026, Petitioner filed his Motion to Enforce, arguing Respondents failed to release Petitioner or file an expedited answer as ordered by the Court. (*See* ECF No. 7.) Under Rule 6 of the Federal Rules of Civil Procedure, if the last day of the period for computing when a filing is due falls on a Saturday or Sunday, the period continues to run until the end of the next day that is not a Saturday or Sunday. *See* Rule 6(a)(1)(C). Here, Respondents' expedited answer would have been due on Saturday, July 11, 2026. Accordingly, the expedited answer filed on Monday, July 13, 2026, was timely. Therefore, Petitioner's Motion to Enforce (ECF No. 7) is **DENIED**.

## I.   BACKGROUND

Petitioner, a citizen of Mexico, initially unlawfully entered the United States on January 22, 2020. (ECF No. 8 at 2; ECF No. 8-1 at 2.) On February 3, 2020, Petitioner encountered immigration officials and was placed in expedited removal. (*Id.*) On February 4, 2020, Petitioner was issued a Notice and Order of Expedited Removal. (*Id.*; ECF No. 8-2.) On February 5, 2020, Petitioner was removed from the United States. (*Id.*; ECF No. 8-3.)

Three days later, on February 8, 2020, Petitioner re-entered the United States and encountered immigration officials. (*Id.*; ECF No. 8-4 at 2.) On February 9, 2020, Petitioner's final order of removal was reinstated, and Petitioner was removed from the United States on February 27, 2020. (*Id.*; ECF Nos. 8-5, 8-6, 8-7.)

Petitioner re-entered the United States again at an unknown date and time. (*Id.*; ECF No. 8-8.) On July 5, 2026, Immigration and Customs Enforcement ("ICE") officials arrested Petitioner pursuant to an I-205 Warrant of Removal. (*Id.*; ECF No. 8-9.) On the same date, Petitioner was served with a Notice of Intent/Decision to Reinstate Prior Order and has been detained under that final order of removal. (*Id.*; ECF No. 8-10.)

On July 7, 2026, Petitioner filed the Petition arguing, among other things, that the government may not detain him under 8 U.S.C. § 1225(b), and he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* ECF No. 1.) Respondents filed an expedited response arguing Petitioner is lawfully detained based on his reinstated final order of removal under 8 U.S.C. § 1231(a). (ECF No. 8.) Petitioner replied. (ECF No. 11.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on Petitioner to show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    DECISION

In the Petition, Petitioner argues he is unlawfully detained under 8 U.S.C. § 1225. (*See* ECF No. 1 at 15–53.) Respondents answered and argued Petitioner is lawfully detained under a re-instated order of removal pursuant to 8 U.S.C. § 1231(a). (ECF No. 8.) In his reply, Petitioner does not contest he has a reinstated order of removal. (*See* ECF No. 11.)

The record establishes Petitioner is subject to a reinstated final order of removal. Petitioner does not dispute (1) on February 4, 2020, Petitioner was issued a Notice and Order of Expedited Removal; (2) Petitioner has twice been removed from the United States; and (3) he unlawfully reentered the United States at some point.

Based on the above, ICE reinstated Petitioner's final order of removal on July 5, 2026. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear that detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining once a removal order is reinstated, the noncitizen is in a post-final-

order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

Section 1231 states in relevant part that "when a[] [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (citation omitted)). Petitioner was taken into custody on July 5, 2026. As a result, Petitioner's detention is still within the 90-day mandatory detention period, rendering any challenge to his § 1231 detention premature.

Finally, in his reply, Petitioner requested the Court maintain its order enjoining Petitioner's transfer from his current detention facility until the conclusion of his immigration proceedings. (*See* ECF No. 11.) The Court's standard procedures enjoining transfer during the pendency of a habeas proceeding, however, arise under the All Writs Act and impose upon the Government's discretion in choosing an appropriate place of detention only to ensure the status quo pending a final decision in an active immigration habeas proceeding. *See*, *e.g.*, *Martinez-Cruz v. Soto*, Civ. A. No. 25-18254, 2025 WL 3527124, at *1 n.2 (D.N.J. Dec. 9, 2025). Such an injunction is inherently dependent on a live case or controversy remaining before the Court to be resolved, which would potentially be interfered with by a transfer during the pendency of the case. Once this Court grants Petitioner's habeas petition, however, no case or controversy will continue to exist before the Court, and the basis for the no transfer order will no longer exist. Thus, the Court denies Petitioner's request to extend the bar on transfers beyond the lifespan of this case.

**IV.    CONCLUSION**

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED** without prejudice. Petitioner's Motion to Enforce (ECF No. 7) is **DENIED**. An appropriate order follows.

_/s/ Brian R. Martinotti_
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 27, 2026